IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| LUKE BAULDREE, : | |
|     Plaintiff, : | |
| v. : | CASE NO.: 1:24-CV-63 (LAG) |
| ADAM MCKENZIE, *et al.*, : | |
|     Defendants. : | |

## ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. 14). For the reasons stated below, Defendants' Motion to Dismiss (Doc. 14) is **DENIED**.

## BACKGROUND

On January 17, 2024, Plaintiff filed a Complaint against Defendants Adam McKenzie, Wes Harris, Brad Harris, John Huff, Christopher Estes, Jessica McKenzie, Chelsea Sumner, Jeremy Cornett, and John and Jane Does 1–5 in the Superior Court of Decatur County, alleging a jobsite injury and bringing negligence claims against each named Defendant individually. (Doc. 1-2 at 1–17). On or about April 27, 2022, Plaintiff was employed by 3D Enterprises, working as a refueling and greasing operator.[1] (*Id.* at 3–4). 3D Enterprises had agreed to perform work for a construction project on property in Decatur County (the jobsite) that was owned by Danimer Scientific. (*Id.* at 3). The general contractor for the construction project was Precision Mechanical, Inc. (PMI). (*Id.*). As part of Plaintiff's job, he "transported fuel in a vehicle [(the Refueling Vehicle)] to locations on the [j]obsite where heavy machinery was being operated, and . . . use[d] the Refueling Vehicle to refuel the machinery and apply grease to the machinery as necessary." (*Id.*).

---

[1] On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or 12(c), the Court accepts all facts alleged in Plaintiff's Complaint (Doc. 1-2 at 1–17) as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Anderson v. Wilco Life Ins.*, 17 F.4th 1339, 1344 (11th Cir. 2021) (citation omitted); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citation omitted).

Because the heavy machinery that was being refueled had to be stationary, Plaintiff had to contact the operators to let them know when he was en route. (*Id.* at 4). While on the jobsite, Plaintiff and the operators of the machinery were given radios, and "before initiating the refueling process, Plaintiff would contact the operators of the heavy machinery via the radio." (*Id.*). On the day of the incident, Plaintiff notified his co-worker, Joe Serrano (Serrano), via the radio, that he was on his way to refuel a bulldozer. (*Id.*). Plaintiff stopped the Refueling Vehicle behind the bulldozer, exited the Refueling Vehicle, and began preparing the hose to pump fuel. (*Id.*). As Plaintiff was preparing the hose, Serrano backed the bulldozer into Plaintiff, "pinning Plaintiff between the [b]ulldozer and the Refueling Vehicle." (*Id.* at 5). Plaintiff alleges that "[b]ecause one or more of the radios was not functioning, Serrano [did] not hear Plaintiff notify him that he was present to refuel the bulldozer." (*Id.*). As a result of this incident, Plaintiff "sustained catastrophic injuries," and has "required eight surgeries . . . with more surgeries expected in the future." (*Id.* at 6).

Plaintiff alleges that (1) the radios on the jobsite were supplied by Defendants, (2) the radios "were stored and charged in a trailer" that was under the "control and supervision of Defendants[,]" (3) the radios provided "were frequently uncharged" and "unreliable[,]" and (4) people working on the jobsite "frequently complained about the radios not functioning." (*Id.*). Plaintiff further alleges that (1) each Defendant was made aware that the radios used were malfunctioning, (2) each Defendant had a duty to ensure that the radios that were being used were reliable and functioning properly, (3) each Defendant violated his or her duty to ensure the radios were reliable and functioning properly, and (4) each Defendant neglected to address the problematic and unsafe radios being used. (*Id.* at 6–7). Plaintiff contends that because of Defendants' negligence, Plaintiff "suffered permanent and irreparable harm." (*Id.* at 7). Plaintiff identifies Defendant Adam McKenzie as "the site supervisor for the [j]obsite" and Defendants Wes Harris, John Buff, Chelsea Sumner, Christopher Estes, Jessica McKenzie, and Jeremy Cornett as PMI employees who were "responsible for the overall safety of the [j]obsite[.]" (Doc. 1-2 at 7–15).

On May 2, 2024, Defendant Brad Harris filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1141, and 1446. (Doc. 1). Plaintiff filed a Motion to Remand and in the

Alternative Motion for Limited Discovery Regarding Subject Matter Jurisdiction (Motion to Remand) on May 31, 2024. (Doc. 7). On June 5, 2024, the Parties filed a Joint Motion to Stay Discovery. (Doc. 8). On June 17, 2024, the Court granted the Motion to Stay pending the resolution of Plaintiff's Motion to Remand. (Doc. 11). On November 6, 2024, Plaintiff filed a Motion to Withdraw the Motion to Remand, which the Court granted on the following day. (Docs. 12, 13). On November 18, 2024, Defendants Adam McKenzie, Wes Harris, Brad Harris, John Huff, Christopher Estes, Jessica McKenzie, Chelsea Sumner, and Jeremy Cornett (Defendants) filed the subject Motion to Dismiss. (Doc. 14). Plaintiff timely responded to the Motion to Dismiss on December 20, 2024. (Docs. 15, 16). Defendants did not reply. (*See* Docket). The Motion to Dismiss is now ripe for review. *See* M.D. Ga. L.R. 7.2.

## DISCUSSION

As a threshold matter, Defendants' Motion to Dismiss is untimely. Defendants filed the Motion to Dismiss pursuant to Rule 12(b)(6). (Doc. 14 at 1). Rule 12(b)(6) provides that "[a] motion asserting any of these defenses must be made *before* a pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b)(6) (emphasis added). An Answer is a required responsive pleading. Fed. R. Civ. P. 7(a)(2), 12(a)(1). Here, all named Defendants filed their Answers in the Superior Court of Decatur County prior to the filing of the Motion to Dismiss, with the latest answer filed by Defendant Brad Harris on May 1, 2024. (Doc. 1-2 at 29–136; Doc. 14). Thus, a Rule 12(b)(6) motion is inappropriate. *See United States v. Georgia*, 574 F. Supp. 3d 1245, 1248 (N.D. Ga. 2021) (explaining that a Rule 12(b)(6) motion to dismiss filed after the answer is untimely) (citation omitted); *Green v. City of Bessemer, Ala.*, 202 F. Supp. 2d 1272, 1274 (N.D. Ala. 2002) ("Because a responsive pleading—an answer—had been filed, under the plain language of Rule 12(b), a motion to dismiss is inappropriate."); *Skipper v. MEB Loan Tr. IV*, No. 1:21-CV-02654-JPB-LTW, 2021 WL 9649906 (N.D. Ga. Sept. 8, 2021), *report and recommendation adopted*, No. 1:21-CV-02654-JPB, 2021 WL 9649907 (N.D. Ga. Sept. 28, 2021) (finding defendants' motion to dismiss untimely because the answer was filed while the case was pending in DeKalb Superior Court, before the subject motion to dismiss was filed).

3

Defendants, however, could refile the motion pursuant to Rule 12(c) or the Court could construe Defendants' Motion to Dismiss as one seeking judgment on the pleadings under Rule 12(c). *Whitehurst v. Wal-Mart Stores E., L.P.*, 329 F. App'x 206, 208 (11th Cir. 2008) (per curiam). Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The pleadings in this case are closed as Plaintiff filed the Complaint, Defendants answered, and no counterclaims, crossclaims, or third-party complaints have been filed. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014); *see also* Fed. R. Civ. P. 7(a). Accordingly, a motion pursuant to Rule 12(c) is proper. Moreover, each named Defendant preserved the defense of failure to state a claim by raising it in their answers. *See Whitehurst*, 329 F. App'x at 208; (*see* Doc. 1-2 at 38, 51, 65, 78, 91, 104, 120, 133). "[W]hen construed as a Rule 12(c) motion for judgment on the pleadings, [Defendants'] motion [is] timely." *See Whitehurst*, 329 F. App'x at 208. Thus, in the interest of judicial economy, the Court construes the Defendants' Motion as a motion for judgment on the pleadings pursuant to Rule 12(c).

Courts analyze motions for judgment on the pleadings using "the same standard as" motions to dismiss under Rule 12(b)(6). *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018) (citation omitted). The Court accepts all material facts in the complaint as true and "view[s] those facts in the light most favorable to the non-moving party[;]" but the Court can only grant a motion for judgment on the pleadings "where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez*, 774 F.3d at 1335 (citation omitted). If there is a material dispute of fact in the parties' pleadings, the court must deny judgment on the pleadings. *Id.* (citing *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956)). Further, as with Rule 12(b)(6), "a complaint must contain sufficient factual matter" to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the court, based on the factual allegations, can reasonably infer that the defendant is liable for the alleged misconduct and expect that discovery will reveal evidence of liability. *Id.*; *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements

4

of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Plaintiff alleges negligence against each named Defendant. (Doc. 1-2 at 7–14). Defendants move for the dismissal of all of Plaintiff's causes of action, arguing that the Georgia Workers' Compensation Act is Plaintiff's exclusive remedy. (Doc. 14 at 2–5); *see* O.C.G.A. §§ 39-4-8, 39-4-11. In response, Plaintiff states (1) that Defendants do not have immunity under the Georgia Workers' Compensation Act, and (2) that he has stated a valid claim against Defendants in their individual capacities. (Doc. 14 at 4).

I.   **Georgia Workers' Compensation Act**

Defendants claim immunity under the Georgia Workers' Compensation Act. (Doc. 14 at 3). The Supreme Court of Georgia considered whether similarly situated defendants could claim immunity in *Long v. Marvin M. Black Co.*, 300 S.E.2d 150 (Ga. 1983). The court held that "an employee of an independent subcontractor [could] maintain a personal injury action against an employee of the principal contractor[], [even] where the employee received workers' compensation payments for the injury from the subcontractor." *Long*, 300 S.E.2d at 150. This is because a claim for workers' compensation "must be made in the first instance against the injured employee's immediate employer if that employer is subject to the [Georgia Workers' Compensation] Act." *Id.* (citing O.C.G.A. § 34-9-8). A statutory employer, however, is "liable for workers' compensation benefits to an employee injured while in the employ of its subcontractor engaged in the subject matter of the contract where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work[.]" *Id.* at 150–51. A principal contractor is the statutory employer of the employee of a subcontractor who is an independent contractor. *McCorkle v. United States*, 737 F.2d 957, 961 (11th Cir. 1984) (per curiam) (citing *Wright Associates, Inc. v. Rieder*, 277 S.E.2d 41 (Ga. 1981)).

Here Plaintiff was employed by 3D Enterprises, an independent subcontractor and Defendants were employed by PMI, the general or principal contractor. Thus, PMI was Plaintiff's statutory employer. *See Wright Associates, Inc.*, 277 S.E.2d at 43. While the Georgia "General Assembly . . . chose to provide immunity to 'an employee of the same

5

employer,'" the *Long* Court "decline[d] to expand that [immunity] to encompass employees of a statutory employer which did not pay compensation benefits." *Long*, 300 S.E.2nd at 152. The court explained that because "[a]n employee of a statutory employer does not have any potential liability for workers' compensation payments[,]" "there is no quid pro quo" and "no reason to relieve [Defendants] of liability for [their alleged] negligence[.]" *Id.* Accordingly, Defendants are not immune under § 34-9-8.

Because Defendants did not provide workers' compensation benefits to Plaintiff such that they could be considered statutory employers under § 34-9-8, Defendants "can claim tort immunity only under the first exception" in § 34-9-11. *Long*, 300 S.E.2d at 151. Under O.C.G.A § 34-9-11,

> [t]he rights and remedies granted to an employee by [the Workers' Compensation Act] shall exclude all other rights and remedies of such employee . . . [against his or her employer] at common law or otherwise, on account of such injury, loss of service, or death; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tortfeasor, other than [1] an employee of the same employer or [2] any person who, pursuant to a contract or agreement with an employer, provides workers' compensation benefits to an injured employee, notwithstanding the fact that no common-law master-servant relationship or contract of employment exists between the injured employee and the person providing the benefits.

*Id.* (quoting O.C.G.A. § 34-9-11). "[T]he words 'employee of the same employer' do not apply when, as here, the injured employee is an employee of a subcontractor . . . and the alleged tortfeasor is an employee of the principal contractor." *Id.* at 152. Accordingly, Defendants also are not immune from liability under § 34-9-11.

## II. Sufficiency of the Pleadings

At this stage, Plaintiff must only allege sufficient factual matter to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570. Under Georgia law, a claim for negligence consists of: (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risk of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the

resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest. *Shadow v. Federal Express Corp.*, 860 S.E.2d 87, 90–91 (Ga. Ct. App. 2021). Plaintiff has alleged that each Defendant (1) had a duty to ensure that the radios being used on the jobsite were reliable and functioning properly; (2) violated his or her duty to ensure that the radios being used on the jobsite were reliable and functioning properly; (3) neglected to address the unsafe radios being used on the jobsite; and (4) as a result of the negligence, Plaintiff suffered permanent harm. (*See e.g.*, Doc. 1-2 at 7). Accordingly, Plaintiff has alleged sufficient facts to state a claim for negligence under Georgia law.

### III. Defendants John and Jane Does 1–5

Plaintiff names John and Jane Does 1–5 as Defendants in this action. (Doc. 1-2 at 15–16). The Court dismisses *sua sponte* these John and Jane Does 1–5. Fictitious party pleading is not permitted in federal court, unless a plaintiff describes the defendants with enough specificity to determine their identities. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Plaintiff has not made any attempt to amend the complaint or substitute the proper parties, and dismissal is appropriate. *Rosenhaft v. Citibank, N.A.*, No. 1:11-cv-4063-WSD, 2012 WL 1080388, at *1 (N.D. Ga. Mar. 29, 2012).

### CONCLUSION

Accordingly, Defendants' Motion to Dismiss (Doc. 14), construed as a Motion for Judgment on the Pleadings, is **DENIED**.

**SO ORDERED**, this 27th day of August, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**